UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MISSIE L. ACKERMAN,

      Plaintiff,

    v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant.

Case No. 2:25-cv-00700-EJY

**ORDER**

This case comes before the Court after Plaintiff exhausted her rights before the Social Security Administration. ECF Nos. 8 at 2, 10 at 2.  There is no dispute regarding the accuracy of the Administrative Record.  ECF No. 10 at 2.

**I.    STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla."  More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)).  In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## II.    ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1.    the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2.    the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1.  Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2.  Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3.  Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).

2

Step 4.  Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step.  20 C.F.R. § 404.1520(e).

Step 5.  Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits.  20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.  If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits.  20 C.F.R. §§ 404.1520(f), 404.1562.  If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## III.    THE SUMMARY OF ALJ'S DECISION

There is no dispute that Plaintiff met the special earnings requirements for a period of disability and disability insurance benefits through December 31, 2026.  There is also no dispute that the Administrative Law Judge ("ALJ" ) employed the five step sequential process summarized above, Plaintiff did not engage in gainful employment since her disability onset date, Plaintiff suffers from severe impairments,[1] Plaintiff's impairments did not meet or equal the criteria for finding her disabled,[2] and the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work that included, relevant to this dispute, a limitation to frequent fingering and handling with her upper dominant extremity and no limitation with respect to her upper non-dominant extremity.  AR 27.  Thereafter, the ALJ found Plaintiff "capable of performing past relevant work as a Network Control Operator … as generally performed."  AR 30.

## IV.    ISSUE BEFORE THE COURT

Plaintiff raises two issues for the Court's consideration.  First, Plaintiff challenges the Commissioner's finding that her past relevant work is properly classified as a network control operator.  ECF No. 10 at 4-5.  Second, Plaintiff argues the ALJ failed to properly evaluate the opinions of the Consultive Examiner Dr. Rick Mai.  *Id*. at 11.

---

[1]    The medically determinable severe impairments include carpal tunnel syndrome of the right wrist and residual effects of radius and ulnar fractures of the right upper extremity.  AR 25.

[2]    AR 27.

3

## V.      THE PARTIES' ARGUMENTS

a.      <u>Plaintiff's Argument</u>.

i.      *The ALJ's Past Relevant Work Finding.*

Pointing to the Dictionary of Occupational Titles (the "DOT"), Plaintiff quotes the description of a network control operator found at www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT01B or DOT at 031.262.014. ECF No. 8 at 5, and n.1. Plaintiff states the duties of this occupation as generally performed are "nonstrenuous" and include: "monitoring, receiving calls, reviewing procedures, explaining procedures, entering computer commands, attaching a diagnostic tool to a phone line, instructing, calling, recording, updating documentation to new hardware, inspecting, and coordinating installations." *Id*. at 5-6. However, Plaintiff argues that as she actually performed her job her duties included "a more strenuous" set of responsibilities such as "installation of communication lines," "buil[ding] … out the network infrastructure, … shipping/receiving as well as installing cable and equipment …, and prepar[ing] … and ship[ing] equipment for repair and return." *Id*. Plaintiff says she "walk[ed] the building daily … and had to swap out bad hardware for working hardware." *Id*. The cellular network cards she lifted weighed 50 pounds and she allegedly carried or dollied these across a large network building. *Id*. Plaintiff says she moved pallets of equipment and unpacked large network frames and equipment daily. *Id*. Plaintiff admits she spent three to six hours a day supervising other employees, but she was also a lead, which Plaintiff argues "suggests that the supervisor duties were not done exclusively … in an office setting." *Id*. Plaintiff's Brief goes on for another page detailing all the job duties she performed and concludes by stating she "did a lot more." *Id*. at 7.

Plaintiff says her job was "spent out and about, dealing with the entire network physically and virtually." *Id*. at 8. In short order, Plaintiff skips over most of the VE's testimony concluding he classified Plaintiff's past relevant work as network control operator while stating "she did so much more than that." *Id*.

Plaintiff argues the ALJ erred by classifying her "composite job according to its least demanding function in order to conclude" she could perform past relevant work. *Id*. at 9 (internal

quote marks omitted). Plaintiff says she described her job duties as "quite strenuous and physically demanding" and that "is the primary evidence in determining" her past relevant work. *Id.*

Plaintiff submits there is no substantial evidence she performed light exertional duties at least half the time and, therefore, the ALJ erred by not considering the record on this issue. *Id.* at 10. Plaintiff argues this is not harmless error because if her past work had been classified as medium exertion she would not be able to perform that work based on the RFC. *Id.* Plaintiff throws in that based on her birth date she was closely approaching retirement age and skills are only transferrable at the light level under specific circumstances. *Id.*

      ii.  *The ALJ's Treatment of the Consultive Examiner.*

Here, Plaintiff takes issue with the ALJ's discussion of Dr. Mai's opinion finding Plaintiff could only occasionally perform manipulative activities with her right upper extremity while the network control operator requires occasional reaching and handling, but frequent fingering. *Id.* at 11. Plaintiff argues that "[w]hile the DOT does not classify whether an occupation requires the use of both hands, 'common experience' would suggest that it is 'likely and foreseeable' that an occupation that an individual who runs a network would need to use both hands to use a computer." *Id.* Plaintiff then discusses the requirements of supportability and consistency under Social Security regulations and the ALJ's finding that all of Dr. Mai's opinions were persuasive except one. *Id.* at 12. Specifically, the ALJ found unpersuasive Dr. Mai's conclusion that Plaintiff was limited "to occasional manipulative activities with the right upper extremity." *Id.* Plaintiff argues the ALJ's rejection of this opinion is contrary to other evidence in the record; however, in support of her argument Plaintiff cites only two pages of Dr. Mai's report thus failing to identify the contrary evidence. *See id.* at 12-13 *citing* case law, regulations, and Dr. Mai's report at AR 684-85. Plaintiff says when her argument is boiled down to its intent, even if Dr. Mai's opinion is prophylactic, it may have bearing on the RFC. *Id.* at 13.

Plaintiff offers that the ALJ's opinion regarding consistency is conclusory and that the word "improvement" is a relative term. *Id.* Plaintiff takes issue with whether she did, in fact, improve and the supposed lack of record evidence to support this determination. *Id.* at 14.

b.    The Commissioner's Response.

After pointing to the ALJ's RFC finding that Plaintiff can perform light work, the Commissioner says the ALJ was entitled to rely on the VE to determine Plaintiff is able to perform her past relevant work as a network control operator as generally performed.  ECF No. 10 at 2, 4.  Notably, the Commissioner points to the fact that Plaintiff did not raise an objection to the VE's classification of her past relevant work at any time throughout the administrative process, including at the hearing before the ALJ or in her appeal.  *Id*. at 4-5.  The Commissioner further points to the reliability of the VE based on his qualifications and experience, and that Plaintiff lacks the expertise for her contrary analysis.  *Id*. at 5.  The Commissioner further argues that Plaintiff misrepresents the VE's testimony as stating her past relevant work was a composite job.  *Id*.

The Commissioner refutes Plaintiff's argument that the ALJ erred by classifying her job based on the "least demanding function[s]" explaining the "*Valencia* line of cases, on which Plaintiff relies," stand "for the proposition that an ALJ errs when she classifies a claimant's past work based on duties … performed a minority of the time."  *Id*. at 5-6.  The Commissioner reviews what Plaintiff testified to as comprising her job duties and compared those to the DOT's network control operator duties concluding Plaintiff's job matched the DOT's definition and "the majority of … [Plaintiff's] work" was not physically demanding.  *Id*. at 6-7.  The Commissioner further concludes Plaintiff's testimony demonstrates she spent 50% of her time performing tasks while sitting at her desk, and additional time "walking around performing inspections and tracing cables" supporting the ALJ's finding that Plaintiff "spent well over 50% of her time performing no more than light exertion."  *Id*. at 7.

With respect to the ALJ's evaluation of Dr. Mai's opinions, the Commissioner submits the ALJ properly addressed the supportability and consistency factors required by Social Security Regulations.  *Id*. at 8-9.  Speaking to Plaintiff's manipulation limitations, the Commissioner argues Dr. Mai's opinion were contradicted by his objective findings regarding "strength, coordination, range of motion, and general adaptive functioning."  *Id*. at 9-10.  Reviewing Plaintiff's June 2021 rollerblading injury, the ALJ discussed the medical record finding "any limitation beyond light work did not last more than 12 months …."  *Id*. at 10.  The ALJ noted the state agency medical consultants

at the initial and reconsideration levels found Plaintiff could perform light exertional work, which was consistent with Dr. Mai's findings. *Id*. However, the ALJ found Dr. Mai's opinions regarding manipulative limitations and broad postural limitations inconsistent with Plaintiff's medical history. *Id*. at 11. The ALJ noted two medical doctors who found Dr. Mai's opinions without substantial support and inconsistent with medical testing. *Id*. The ALJ found these opinions persuasive and the Commissioner notes Plaintiff does not challenge this determination or the doctors' opinions. *Id*.

   c.  Plaintiff's Reply.[3]

  Plaintiff primarily offers conclusory sentences in reply to the Commissioner's Brief. Plaintiff re-argues the ALJ misclassified her past relevant work through the following assertions: (1) "[T]he ALJ should have recognized that the occupation of Network Control Operator does not fully contemplate … [Plaintiff's] duties[,] particularly the strenuous" ones; (2) "the ALJ's error on" step four of the sequential process as Plaintiff "cannot be deemed to have … relinquished" these arguments; (3) case law demonstrates Plaintiff may challenge the ALJ's classification of past relevant work; (4) while the VE did not state Plaintiff's past work involved a "complex job," his testimony indicated as much; and (5) Plaintiff performed strenuous work at least half of the time during working hours. ECF No. 11 at 3-5.

  Plaintiff further re-argues the ALJ did not properly evaluate the opinions of Dr. Mai by pointing to her interpretation of the medical evidence. *Id*. at 6. Plaintiff takes issue with the Commissioner's reliance on state agency medical consultants arguing "this is post-hoc rationale" because this was not stated in the ALJ's decision. *Id*. at 6-7, *but see* AR 30 discussing the consultant's findings. Citing the Disability Determination Explanation at AR 169 and 180, Plaintiff says the state "consultants did not specify which portion of Dr. Mai's opinions to be 'without substantial support'" and that their opinions consisted of a single reference to grip strength. ECF No. 11 at 7, *but see* AR 166-67, 181-82 (Exs. 2A and 4A cited by the ALJ at AR 30). Plaintiff attacks the Commissioner's Brief contending the ALJ did not consider the evidence cited therein.

---

[3] While the Court has considered all arguments presented, it does not—and need not—address every argument raised. *See PlayUp, Inc. v. Mintas*, 635 F.Supp.3d 1087, 1099 (D. Nev. 2022) (internal citations and quotations omitted) ("The Court need not explicitly discuss each and every argument in any order. The Court's refusal to discuss an argument constitutes an implicit rejection of that argument.").

EFC No. 11 at 8.  However, the ALJ cited to the record evidence (Exs. 2A and 4A), which are two Disability Determinations completed by the state consultants finding these medical professionals familiar with "abundant probative evidence in the record" and "conclusions … supported by … [Plaintiff's] treatment history, objective findings, and evidence of her substantially intact capabilities …." AR 30.  Finally, Plaintiff returns to arguing alternative interpretations of the medical evidence. ECF No. 11 at 8-9.

**VI.    DISCUSSION**

   a.    <u>Plaintiff Waived the Argument that her Past Relevant Work was Misclassified.</u>

While a claimant is not necessarily required to raise all issues before both the ALJ and the Appeals Council in order to preserve them on appeal to the district court, implicit in the sequential process is that Plaintiff, at some point, meaningfully challenged the past relevant work finding before presenting that argument to the Court.  *Cisneros v. Colvin*, Case No. 1:12-cv-0931-BAM, 2013 WL 5375490, at *9 (E.D. Cal. Sept. 24, 2013) (finding waiver when plaintiff failed to raise the issue of improper past relevant work determination during administrative proceedings); *Shaw v. Comm'r of SSA,* Case No. C-07-3379 EMC, 2008 WL 1734761, at *6 (N.D. Cal. Apr. 14, 2008) (the claimant waived the argument challenging past relevant work when he failed to raise that objection at the administrative hearing); *Mills v. Apfel*, 244 F.3d 1, 8 (1st Cir. 2001) ("The impact of a no-waiver approach at the Appeals Council level is relatively mild; at the ALJ level it could cause havoc, severely undermining the administrative process.").  Said simply, the Ninth Circuit's long-standing position requires a Social Security disability claimant to raise all issues either before the ALJ or before the Appeals Council.  *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) *citing Avol v. Secretary of Health & Human Serv.*, 883 F.2d 659, 660 (9th Cir. 1989).

Here, Plaintiff, who was represented by counsel at the administrative hearing before the ALJ (AR 138, 140), did not challenge the VE's discussion of her past relevant work asking no questions after the ALJ concluded her questioning of the expert.  AR 162.  A review of the entire record demonstrates Plaintiff did not raise misclassification of her past relevant work before either the ALJ, the Appeals Council, or at any time during the administrative process.  AR 1-831.  Indeed, Plaintiff's letter to the Appeals Council raises concern regarding the ALJ's treatment of Dr. Mai's opinion (AR

395) and Plaintiff's testimony, which issue was not presented to the Court (AR 396 and *compare* ECF No. 8), but does not mention misclassification. *Id*. A plaintiff waives "her argument that she was misclassified" as having performed one job as opposed to another when she fails "to challenge the issue at the hearing" before the ALJ. *Moung Yoon S. v. Kijakaza*, Case No. 19-cv-03711-DMR, 2021 WL 4481663, at *6 (N.D. Cal. Sept. 30, 2021). Plaintiff's silence on this issue at the hearing and in the administrative record leads to the unavoidable conclusion that this argument is waived.

> b.  Substantial Evidence Supports the ALJ's Assessment of Dr. Mai.

The parties agree that the ALJ's primary focus of medical opinion assessment must be supportability and consistency as established by Social Security Regulations. ECF Nos. 8 at 11; 10 at 8, each *citing* 20 C.F.R. § 404.1520c(b)(2). Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

Plaintiff notes the ALJ found Dr. Mai's opinions persuasive with the exception of one limitation. That is, the ALJ states, "Dr. Mai's conclusions are supported by direct examination, and many of his conclusions, such as finding that … [Plaintiff] could sit, stand, walk, and lift with her left and right side at the light exertional level, are consistent with the overall weight of the evidence." AR 30. However, the ALJ further found Dr. Mai's opinions regarding Plaintiff's "manipulative limitations on her left side, significant limitations on the right side, and broad postural limitations … [were] not consistent with" the medical finding by consultative examinations and Plaintiff's treatment history "document[ing] … significant improvement in her right upper extremity and substantially intact physical functioning overall." *Id.*

In discussing the evidence in support of her RFC, which lead to the conclusion that Plaintiff could perform past relevant work, the ALJ noted Dr. Mai found Plaintiff had "[n]o issues with

buttons, zippers or shoelaces but does it slowly. … [Plaintiff] is able to touch thumb to all fingertips. [She was a]ble to pick up a coin off the table, but has difficulty initially with the edge of coin with right hand[and, she was a]ble to make a fist. Grip strength is 5/5 bilaterally." AR 29 *citing* Ex. 7F at 3 (Dr. Mai's report at AR 684). Plaintiff nonetheless points to the finding that her right wrist range of motion was diminished and was tight and tender on flexion and extension. ECF No. 8 at 12 *citing* AR 684.

In the end, Plaintiff's argument does not compare Dr. Mai's overall report, issued in August 2022 (AR 682-686), with the four state agency consultants identified and relied upon by the ALJ. AR 30. Specifically, the ALJ cites to Marisa Hendron, Ph.D. and Kelly O'Neill, Ph.D. who issued opinions on August 2, 2022 and May 17, 2023 respectively (AR 169, 179), and Drs. Gerrish and Aziz who issued opinions on August 26, 2022 and May 11, 2023 respectively. AR 172, 182. Instead, Plaintiff argues the ALJ's interpretation of Dr. Mai's report does not comport with her own interpretation of that report (ECF No. 8 at 12:12-18). This, however, does not demonstrate reversible error. That is, even assuming the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld" (*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)), unless that interpretation is not supported by substantial evidence. *Woods v. Kijakaza*, 32 F.4th 785, 788 (9th Cir. 2022). As explained in *Woods*, under the "substantial-evidence standard, a court looks to an existing administrative record and ask whether it contains 'sufficient evidence' to support the agency's factual determinations.'" *See id*. *quoting Biestek v. Berryhill*, 587 U.S. 97, 104 (2019) (further citation omitted). As explained, substantial evidence supports the ALJ's factual determinations.

Plaintiff further argues the ALJ offers a conclusory statement regarding consistency by herself offering a conclusory statement. ECF No. 11 at 13 (stating "the ALJ stated that … [Plaintiff's] treatment history documents significant improvement in her right upper extremity, and substantially intact physical functioning overall. … This rationale is conclusory, and therefore unacceptable."). Plaintiff relays her original injury and then returns to Dr. Mai's report. *Id*. at 14.

Thereafter, Plaintiff refers to a series of progress notes culminating in a December 29, 2022 note in which she reports her symptoms. *Id*. *citing* AR 798. After this citation, Plaintiff argues the

ALJ failed "to properly evaluate the supportability factor … [when] evaluating Dr. Mai's opinions" and "also failed to properly evaluate the consistency factor." *Id*. at 14-15. However, in May 2023, Dr. Aziz, on whom the ALJ relied and cited, reported: "Clnt [now Plaintiff] alleges her condition has worsened. She was referred to Neurology 12/29/22." AR 182 *citing* to AR 798 on which Plaintiff relies. Dr. Aziz then goes on to state: "Her left hand is completely fine. PE: Sensory deficit present. DX: agree that she likely has right carpal tunnel syndrome. 3/15/23 - EMG: Probable slight carpal tunnel syndrome at the right wrist. No evidence of significant axonal loss in the sensory or motor portions of the right median nerve. No evidence of denervation in the right opponens pollicis muscle." *Id*. Dr. Aziz concludes: "all evidence is considered. MER supports RFC." *Id*

The ALJ must consider the record as a whole—the totality of the evidence—not just the evidence that favors Plaintiff. *S.W. v. O'Malley*, Case No. 23-cv-04269-LB, 2024 WL 4185982, at *7 (N.D. Cal. Sept. 14, 2024) *citing* 20 C.F.R. § 416.920b. The Court finds no error in the ALJ's weighing of the medical opinion testimony. It is well settled by the Ninth Circuit that the ALJ "need not take every medical opinion at face value." *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024). "Rather, the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to afford each opinion." *Id*. at 1213-14. The Court finds the ALJ appropriately considered the supportability and consistency of Dr. Mai's medical opinions and prior administrative medical findings in the record, as required by the Social Security Regulations, and judged their value accordingly. 20 C.F.R. § 416.920c(c)(1). In sum, the ALJ offers substantial evidence in support of the conclusion she reached. The Court finds Plaintiff's claims fail to demonstrate error requiring remand for further proceedings.

**VII.    Order**

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is to enter judgment in favor of the Commissioner of Social Security and close this case.

DATED this 21st day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

11