UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MISSIE L. ACKERMAN,

       Plaintiff,

    v.

FRANK BISIGNANO, Commissioner of
Social Security,

       Defendant.

Case No. 2:25-cv-00700-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Alter or Amend the Judgment of the Court. ECF No. 14. The Court considered the Motion as well as the Response filed by the Commissioner of Social Security (the "Commissioner"). ECF No. 16. No Reply was filed.

**I.    Relevant Background and Rule 59(e)**

On February 21, 2026, the Court entered an Order in which it held Plaintiff had waived her argument regarding the misclassification of past relevant work. ECF No. 12 at 9. The Court further found substantial evidence supported the ALJ's assessment of Consultive Examiner Dr. Rick Mai. *Id*. at 11. On these bases, the Court denied Plaintiff's requested relief seeking reversal of the final decision of the Commissioner and remand of this matter for further administrative proceedings. *Id*. The Court entered judgment in favor of the Commissioner and against Plaintiff the same day. ECF No. 13.

Plaintiff seeks relief from the Court's Order "in the form of reconsideration" under Federal Rule of Civil Procedure 59(e). ECF No. 14 at 3. Plaintiff points to the Reply in support of her request for reversal and remand in which she first cited *O'Brien v. Bisignano*, 142 F.4th 687 (9th Cir. 2025). In *O'Brien*, the court found, under the circumstances presented, that an argument raised before the district court by a plaintiff seeking review of the denial of Social Security benefits was not waived based on the failure to raise the same argument before the ALJ. *Id*. at 699. The court further stated that when issues are "inherent in the five step process" employed to determine whether a claimant is disabled and, therefore, entitled to benefits, a plaintiff "had no further responsibility to

1

specifically flag the issue before the ALJ, and a judicially imposed issue-exhaustion requirement …

[was] unwarranted ….” *Id*. (internal citation omitted).  Here, Plaintiff correctly argues that in the circumstances applicable to this case the Court applied the wrong standard when finding Plaintiff waived her argument regarding misclassification of her past relevant work.

Under Rule 59 of the Federal Rule of Civil Procedure, a party may file a “motion to alter or amend a judgment ... no later than 28 days after the entry of the judgment.”  Fed. R. Civ. P. 59(e).  Committed solely to the district court’s discretion, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), Rule 59(e) motions “should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.” *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Here, there is no dispute that Plaintiff timely filed her Motion or that the Court applied the wrong standard when it found Plaintiff waived her argument regarding the misclassification of her past relevant work.  Thus, the requirement for granting relief under Rule 59(e) is met and the Court reconsiders Plaintiff’s argument regarding misclassification of her past relevant work.[1]

**II.    The Parties Arguments; the Vocational Expert’s Testimony; and the ALJ’s Finding**

In this case, Plaintiff takes pains to describe how her past relevant work was inconsistent with the Dictionary of Occupational Titles (“DOT”) “network control operator” position, and more properly categorized as a network engineer.  ECF No. 8 at 5-8.  The Court quotes its summary of Plaintiff’s description of her job responsibilities here:

> Pointing to the … DOT …, Plaintiff quotes the description of a network control operator found at www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT01B or DOT at 031.262.014. ECF No. 8 at 5, and n.1. Plaintiff states the duties of this occupation as generally performed are “nonstrenuous” and include: “monitoring, receiving calls, reviewing procedures, explaining procedures, entering computer commands, attaching a diagnostic tool to a phone line, instructing, calling, recording, updating documentation to new hardware, inspecting, and coordinating installations.” *Id*. at 5-6.  However, Plaintiff argues that as she actually performed her job her duties

---

[1]   Plaintiff does not take issue with the Court’s finding that substantial evidence supported the ALJ’s assessment of Dr. Rick Mai’s opinion. *See generally* ECF No. 14.  To this end, the Court found there was substantial evidence to support the ALJ’s conclusion that “Dr. Mai’s opinions regarding Plaintiff’s ‘significant limitations on … [her] right side … [was] not consistent with’” the medical evidence or Plaintiff’s treatment history. ECF No. 12 at 9-11.  This finding remains undisturbed.

included "a more strenuous" set of responsibilities such as "installation of communication lines," "buil[ding] … out the network infrastructure, … shipping/receiving as well as installing cable and equipment …, and prepar[ing] … and ship[ing] equipment for repair and return." *Id*. Plaintiff says she "walk[ed] the building daily … and had to swap out bad hardware for working hardware." *Id*. The cellular network cards she lifted weighed 50 pounds and she allegedly carried or dollied these across a large network building. *Id*. Plaintiff says she moved pallets of equipment and unpacked large network frames and equipment daily. *Id*. Plaintiff admits she spent three to six hours a day supervising other employees, but she was also a lead, which Plaintiff argues "suggests that the supervisor duties were not done exclusively … in an office setting." *Id*. Plaintiff's Brief goes on for another page detailing all the job duties she performed and concludes by stating she "did a lot more." *Id*. at 7.

Plaintiff says her job was "spent out and about, dealing with the entire network physically and virtually." *Id*. at 8. In short order, Plaintiff skip[ped] over most of the V[ocational] E[xpert]'s testimony concluding he classified Plaintiff's past relevant work as network control operator while stating "she did so much more than that." *Id*.

ECF No. 12 at 4. Plaintiff further argued her job was really a "composite," and the ALJ erred by classifying her "composite job according to its least demanding function …." ECF No. 8 at 9 (internal quote marks omitted). Finally, Plaintiff contended there was an absence of substantial evidence that she performed light exertional duties at least half the time, and, therefore, the ALJ erred. *Id*. at 10.

The Commissioner responded arguing Plaintiff failed to exhaust this issue (which argument the Court now rejects under *O'Brien*) and that the ALJ properly relied on the Vocational Expert's (sometimes the "VE" or the "Expert") testimony stating Plaintiff could perform the network control operator position as generally performed. EFF No. 10 at 4. The Commissioner further correctly contends the VE's qualifications, expertise, and reliability were unchallenged, and Plaintiff lacks the expertise to offer a contrary analysis. *Id*. at 4-5. The Court repeats its prior summary of the Commissioner's arguments here:

The Commissioner refutes Plaintiff's argument that the ALJ erred by classifying her job based on the "least demanding function[s]" explaining the "*Valencia* line of cases, on which Plaintiff relies," stand "for the proposition that an ALJ errs when she classifies a claimant's past work based on duties … performed a minority of the time." *Id*. at 5-6. The Commissioner reviews what Plaintiff testified to as comprising her job duties and compared those to the DOT's network control operator duties concluding Plaintiff's job matched the DOT's definition and "the majority of … [Plaintiff's] work" was not physically demanding. *Id*. at 6-7. The Commissioner further concludes Plaintiff's testimony demonstrates she spent 50% of her time performing tasks while sitting at her desk, and additional time "walking around performing inspections and tracing cables" supporting the ALJ's finding that Plaintiff "spent well over 50% of her time performing no more than light exertion." *Id*. at 7.

3

ECF No. 12 at 6.

Noteworthy is that the ALJ never referred to Plaintiff's past relevant work as a "composite" job. AR 23-31. Instead, the ALJ concluded:

> [Plaintiff had the] residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she is unable to climb ladders and scaffolds, and she could only occasionally crawl. She is limited to frequent fingering and handling with her upper dominant extremity, and she has no limitations with respect to her upper non-dominant extremity. The claimant can only have occasional exposure to hazards such as unprotected heights and moving mechanical parts[; and]
>
> ***
>
> The vocational expert persuasively testified that, consistent with the Dictionary of Occupational Titles ("DOT") and the weight of the evidence, the claimant has past relevant work as a Network Control Operator (DOT 031.262-014), and given the limitations in her residual functional capacity, she would be able to perform her past relevant work as generally performed. This conclusion is consistent with the overall weight of the evidence, and is accepted (Hearing; see generally S[ocial] S[ecurity] R[egulation] 82-62). In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as generally performed.

AR 27,[2] 30.

More specifically, in response to being asked to described Plaintiff's vocational background, the Vocational Expert stated he reviewed exhibits in Plaintiff's file and listened to her testimony leading him to identify Plaintiff's job as "a senior network building maintenance engineer" that, under the DOT, equated to "a network control operator." AR 158-59. The Expert clarified that Plaintiff "actually" performed the work at a "medium level" while "[t]he network control operator is at the light level," further stating Plaintiff did "skilled work, SVP: 6." AR 159. The VE also explained that Plaintiff "did so much more than that. Definition [sic] describes I would place it as very skilled work, SVP: 8, the DOT code for that is 031.262-014. And that completes the work history."

A colloquy followed:

Q:     Would … [the described hypothetical] person perform any of the claimant's past work?

A:     Let me look here. So according to DOT she'd be precluded from that because with fingering it requires – let's see here. No, she's okay with that,

---

[2]    Plaintiff does not dispute that the network control operator position is classified as "light exertion" work. ECF No. 8 at 6.

fingering's okay, So as generally performed that would be applicable, as performed it would be precluded.

Q:    So the person could perform the network.  The network control operator job is [sic] typically performed in the economy but not as actually performed?

A:    Correct. And just for the record, the network control operator position doesn't take into consideration fire suppression systems, fiber optics, anything like that.  So that's just simply the network.

AR 160.

With respect to the amount of time spent engaged in various activities, Plaintiff cited her Disability Report (Form SSA-3368).  ECF No. 8 at 6 *citing* AR 288.  In that Report, Plaintiff stated she spent three to six hours a day supervising two to five people.  AR 288.  Plaintiff relies on this fact, together with the clarification that she "also indicated … she was a lead worker," to argue that her "supervisor duties were not done exclusively in, for example, an office setting."  ECF No. 8 at 6.  When Plaintiff testified before the ALJ, she stated she was not a supervisor or a lead, but a "senior." AR 146.  As noted below, other information on Plaintiff's Disability Report and provided through testimony confirmed Plaintiff spent four hours a day sitting and 30 minutes engaged in standing as well as in walking.  AR 146, 288.

**III.    Discussion**

"At step four of the sequential analysis, the claimant has the burden to prove that [s]he cannot perform … [her] prior relevant work 'either as actually performed or as generally performed in the national economy.'"  *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1166 (9th Cir. 2008) (quoting *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002).  *See also* Social Security Regulation ("SSR") 82-61 (a claimant is not disabled if she can perform her past work as she actually performed it, or if she can perform the past work as generally required by employers nationally).

As explained in *Thompson v. Colvin*, Case No. EDCV 14–990 JC, 2014 WL 6750308, at *3 (C.D. Cal. Nov. 26, 2014), "[a]ll occupations involve 'a myriad of' functions that may require differing levels of mental and physical abilities. *Valencia v. Heckler,* 751 F.2d 1082, 1086 (9th Cir. 1985) ..." (additional citations omitted).  "An ALJ may not classify a claimant's past relevant work based solely on 'the least demanding' of those functions." *Id. citing id.*  When "past relevant work consists of significant elements of two or more occupations (*i.e.,* is a 'composite job'), benefits may

not be denied based on a claimant's ability to do the same type of work as generally performed." *Id*. (internal quote marks and citations omitted). The Court in *Thompson*, further explained that "[a] composite job necessarily has no specific counterpart in the DOT, and thus must be evaluated 'according to the particular facts of each individual case.'" *Id. quoting* SSR 82-61 at *2. "A claimant may be found capable of performing such a composite job only if he or she is able to perform the requirements of all elements of the prior position. *Id*.; *see also* POMS § DI 25005.020(B)." *Id*.

Nonetheless, a particular job does not become composite merely because, as actually performed, the particular job included tasks not generally performed in such a position. *Richard Michael N v. O'Malley*, Case No. 23-cv-1456-KSC, 2024 WL 4100869, at *3 (S.D. Cal. Sept. 6, 2024) *citing Torres v. Saul*, Case No. CIV 20-0683 KBM, 2021 WL 2859683, at *6 (D. N.M. July 8, 2021) ("that plaintiff described her work as she actually performed the jobs, as opposed to how they are generally performed, does not transform them into composite jobs") (citations and quotations omitted). Again, however, it is error to define a plaintiff's past relevant work according to the "least demanding aspect" of a past job when that aspect "was something the claimant did less than half the time." *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016).

An ALJ may properly rely on the opinion of a Vocational Expert and the DOT when concluding that past relevant work as a network control operator, as generally performed, is light work that a person with Plaintiff's residual functional capacity could still perform. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022). In fact, "[a] VE's expert opinion 'may count as substantial evidence even when unaccompanied by supporting data.'" *Id*. at 1192-93 *quoting Biestek v. Berryhill*, 587 U.S. 97, 107 (2019)) and *citing Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). *See also* SSR 00-4p (characterizing the information in the DOT as "reliable"); *Hubble v. Astrue*, 467 Fed.Appx. 675, 677 (9th Cir. 2012) (finding no error in ALJ's conclusion that claimant was capable of performing her past relevant work as generally performed in the national economy, based on a hypothetical question presenting claimant's residual functional capacity).

Here, even accepting Plaintiff could not return to her former job as "actually" performed, the Court confirms the ALJ's step four determination that Plaintiff could do network control operator job as "generally performed" is supported by substantial evidence. The ALJ based her finding on the VE's testimony that Plaintiff could perform her past relevant work, identified under the DOT as a network control operator, as *generally* performed. AR 160, 162. There is no dispute that the network control operator, as generally performed, is light work. ECF No. 8 at 6. While Plaintiff argues the ALJ erred because as she "actually performed" her job it was more than that of a network control operator—it was a network engineer (ECF No. 8 at 6)—this ignores that the ALJ's finding was based on general, not actual, performance of her past relevant work, a basis on which the ALJ was allowed to rely. SSR 82-61; *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[w]e have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed") (emphasis in original.)

Moreover, Plaintiff's emphasis on the VE's testimony that she did "so much more" than the network control operator position (ECF No. 8 at 8-9), while understandable, does not support the conclusion that the ALJ defined Plaintiff's past relevant work according to the "least demanding aspect" of her job she did less than half the time. Upon examination of Plaintiff's self-described activities, it is clear that Plaintiff spent half of each work day sitting and at least another hour standing or walking. That is, when the ALJ asked Plaintiff how much time she spent sitting versus standing and walking while at work, she testified in response "it's kind like a 50/50." AR 146. On the form on which Plaintiff relies to support the hours spent supervising or as a lead (ECF No. 8 at 6), Plaintiff stated she sat for four hours each day and walked or stood for 30 minutes each (or a total of another hour). AR 288. Thus, Plaintiff's testimony and Disability Report (Form SSA-3368), confirm Plaintiff spent approximately four hours a day sitting and, at a minimum, 30 minutes each standing or walking. AR 146, 288. There is no evidence to which Plaintiff points that is contrary.

Neither Plaintiff's conjecture that not all her supervisory duties were done in an office setting (ECF No. 8 at 6) nor her description of tasks she performed other than those of a network control operator (*id*. at 6-8) is sufficient to demonstrate the ALJ erred. The ALJ was entitled to rely on the VE's expertise (AR 386-393) and the record evidence on which he relied to conclude Plaintiff's

position under the DOT was that of a network control operator.  AR 158-160; *Kilpatrick*, 35 F.4th at 1192.  The ALJ was also entitled to rely on the Expert's testimony that, as generally performed, Plaintiff could do her past relevant work.  *Michael N*, 2024 WL 4100869, at *3; *Hipolito D. v. Saul*, Case No. 18-cv-1649-WQH(MSB), 2019 WL 3492231, at *3 (S.D. Cal. Aug. 1, 2019) ("An ALJ may also rely on the opinion of a VE in evaluating the requirements of a claimant's past relevant work either as actually performed or generally performed") (internal citations omitted); *Deschryver v. Berryhill*, Case No. 2:16-cv-0146-TLN-CKD, 2017 WL 531841, at *3 (E.D. Cal. Feb. 9, 2017) ("Plaintiff provides little beyond her own interpretation of the evidence describing plaintiff's past work to support her argument that the ALJ's determination was erroneous and that her past work as a deli cutter/slicer was not sufficiently encompassed by the DOT listing that the VE found appropriate" and "the ALJ properly relied on the VE's testimony as substantial evidence to support her determination that plaintiff's past work as a deli cutter/slicer fell within the job description set forth in DOT § 316.684-014 …."). *See also Solorio v. Commissioner of Social Security Administration*, Case No. CV-21-00582-PHX-DLR, 2022 WL 4545751, at *4 n.9 (D. Ariz. Sept. 29, 2022).  Indeed, even assuming the evidence before the Court could support more than one rational interpretation of the evidence—one that supports the ALJ's decision and the other that supports Plaintiff's interpretation of the evidence—the ALJ's conclusion must be upheld.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (internal citation omitted).

In sum, according to Plaintiff, at least half of her work day was spent sitting and another hour, at minimum, was spent standing or walking.  Thus, even accepting that some of Plaintiff's remaining work day hours may have included various strenuous activities that did not fall neatly into the network control operator DOT description, the record evidence does not support the conclusion that the ALJ erred by misclassifying Plaintiff's past relevant work based on the "least demanding aspect" of her job in which she spent *less than half* her time engaged.

**IV.     Order**

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend the Judgment of the Court (ECF No. 14) is DENIED.

DATED this 1st day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE